# Matthews *v.* Tenn. Coal Iron & R.R. Co.

### *Bill to Quit Title.*

(Decided June 18, 1908. 47 South. 78.)

1. *Adverse Possession; Color of Title.*—There can be no color of title in an occupant who does not hold under any instrument, proceeding or law, purporting to transfer to him the title or the right of possession, and therefore, an instrument in the shape of a receipt not purporting to convey lands described therein cannot be looked to for the purpose of extending possession to the boundaries of the lands described therein.

2. *Same; Actual Possession; Title Acquired.*—Where three persons purchased a 40 acre tract of land, and ten acres were set apart to one of them, who had it surveyed, and who for more than ten years, remained in open, continuous possession of it, claiming it as his own and paying taxes on it, such a person has a title to the said 10 acres by adverse possession.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by H. C. Matthews against the Tenn. C. I. & Ry. Co., to quiet title to certain described lands. From a decree for respondent complainant appeals. Reversed and rendered.

CARMICHAEL & WINN, for appellant. Complainant had title to 10 acres of land by adverse possession.—

*T. C. & I. Co. v. Lynn,* 123 Ala. 112. In any event, the decree of the chancellor should be so modified that appellant may hereafter in a legal proceeding, prove his title to 10 acres of land.—6 Ency P. & P. 994; 23 Ala. 755; 31 Ala. 196; 33 Ala. 497.

PERCY & BENNERS, for appellee. Possession is limited to possessio pedis.—*T. C. I. & R. R. Co. v. Lynn,* 123 Ala. 112; *Black v. T. C. I. & R. R. Co.,* 93 Ala. 109. The instrument did not constitute color of title.—1 Cyc. pp. 1085-9; *Goodson v. Brothers,* 111 Ala. 589; *Jones v. Morris,* 61 Ala. 518; *Dorlan v. Westervitch,* 140 Ala. 283. There was no adverse possession shown to any of the land.—*Chastang v. Chastang,* 141 Ala. 451; *McDaniel v. Schloss Co.,* 44 South. 705.

TYSON, C. J.—The receipt upon which complainant relies as color of title does not purport to convey the lands described in it. It possesses no semblance of title, not containing any words of transfer of the lands. As said by the Supreme Court of the United States in *Deffeback v. Hawke,* 115 U. S. 407, 6 Sup. Ct. 95, 29 L. Ed. 423: "There can be no color of title in an occupant who does not hold under any instrument, proceeding, or law purporting to transfer to him the title or to give to him the right of possession." See, also *Webb v. Mullins,* 78 Ala. 110; 1 Am. & Eng. Ency. Law (2d Ed.) pp. 846, 857, and notes. It therefore cannot be looked to for the purpose of extending complainant's possession to the boundaries of the lands described in it.

But the complainant does not now and never has claimed the whole of the tract described in this receipt, but only 10 acres of it, the boundaries of which are definitely defined in his bill and by the survey which he had made of it in the year 1882. The tract, which contained

40 acres, was purchased by complaintant and two others in June, 1882. During that year the tract was divided, and the 10 acres here involved set apart to complainant, who had it surveyed. The testimony satisfactorily establishes that since the year 1882 the complainant has been in the notorious, uninterrupted possession of this 10 acres, claiming it as his own and paying taxes upon it. On this proof we find that he has established a title to the 10 acres by adverse possession, and was entitled to a decree adjudging that defendant has no right, title, or interest in, or incumbrance upon, said land.

Reversed and rendered.

SIMPSON, ANDERSON, and DENSON, JJ., concur.