## Abney, *et al. v.* Abney.

### Bill to Foreclose Mortgage.

(Decided April 24, 1913. 62 South. 64.)

1. *Mortgages; Property Subject.*—Where the husband and wife entered into a written agreement by which the husband conveyed to the wife a life estate in ⅝ of his homestead and personal estate, and providing that upon her death her interest should vest in their three children absolutely, and further providing that in the event of the death of the husband before that of the wife, his undivided ⅝ interest in the personalty should descend to his children by a former marriage without any claim thereto by the children of the second marriage, and at the death of the wife, that the husband's undivided ⅝ interest should descend to his children by his former wife, free from any claims of the children of the second wife, the agreement did not convey a ⅝ interest in the homestead of the husband to the children of his first marriage, but merely provided that the remaining ⅝ interest should descend to such children after the death of the second wife, if she survived her husband; hence, the husband and wife could afterwards execute a valid mortgage on the husband's undivided interest in the homestead.

2. *Life Estate; Encumbrances; Duty of Life Tenant.*—It is the duty of a life tenant to at least pay the interest on a mortgage debt on the property during the continuance of her estate.

3. *Same; Payment of Mortgage; Contribution.*—A life tenant who pays the principal of a mortgage debt is entitled to compel contributions from the remaindermen for the amount so paid, and has a lien on the property therefor.

[Abney, et al. v. Abney.]

4. *Same.*—An outstanding encumbrance purchased by a life tenant will be held for the joint benefit of the life tenant and the remainder-man, if, within a reasonable time, the remaindermen are willing to contribute their share of the cost of acquiring the encumbrance; remaindermen, by permitting foreclosure of the mortgage discharged by the life tenant without asserting their right to contribute their share of the cost of purchasing the encumbrance, waived their right so to do.

5. *Same; Payment of Interest; Apportionment.*—The life tenant is required to pay, as his part of the interest on mortgaged property such a sum as will equal the present value of the amount of interest he would probably have paid during his life as estimated by the ordinary mortality tables; the remaindermen being required to pay the balance.

6. *Covenants; Persons Bound.*—A covenant in a deed of settlement between a husband and wife conveying the life estate to the wife, with remainder to certain children of a former wife, will not bind the remaindermen unless they accept the provisions of the deed.

7. *Infants; Contracts; Acceptance by Court.*—The election of an infant remainderman to accept the provisions of a deed of settlement executed between others, creating the life estate and the remainders, must have been made for him by the court.

8. *Reference; Report; Finding Without Issue.*—It is proper to disregard as unauthorized the report of a Register on matter not within the terms or the objects of the reference.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Mortgage foreclosure suit by Mary A. Abney against George W. Abney and others. From a decree for complainant, defendants appeal. Affirmed in part, and reversed and remanded in part.

Complainant filed her bill of complaint praying for the foreclosure of a certain mortgage given by her husband, B. D. Abney, on his homestead and transferred by the mortgagee to complainant. Five of the respondents, children of the husband by a former marriage, filed their answer and cross-bill, praying, among other things, that said mortgage be canceled as a cloud on their title and that their title be quieted as to the interest therein conveyed, and also for general relief. The undisputed facts are as follows: Mary and B. D. Abney were married in 1852, and on January 17, 1902, there

were three living children, the issue of their marriage. B. D. Abney had also five other living children, the issue of a former marriage. On the date named, January 17th, for the purpose of settling differences between them, including the withdrawal of a pending divorce suit filed by Mary A., a joint written agreement was entered into by which B. D. Abney conveyed to her a life interest in an undivided three-eighths of his homestead of 120 acres, and of his personal estate valued at about $1,000, with provision that upon her death her specified interest should vest in their three children absolutely. With respect to the remaining five-eighths interest in the property, the instrument contains the following reference and provision: "In the event of the death of B. D. Abney before that of the said Mary Abney, his undivided five-eighths interest in and to said personal property is to immediately descend to his children by a former wife, now deceased, or to their descendants, without any claim thereto, on the part of the three children of the said Mary Abney, or the said Mary Abney above mentioned, and at the death of the said Mary Abney in the event of her surviving the said B. D. Abney, his undivided five-eighths interest in and to the real estate in question is to descend and belong to his children by said former wife, free from any claim or interest of the said three children of the said Mary Abney above mentioned thereto or therein." In October, 1907, B. D. and Mary Abney executed a mortgage deed on the homestead property to secure a recited indebtedness of $1,000 to Joe L. Henry. B. D. died some eight months later, and on February 26, 1909, Mary A. received from the mortgagee a written transfer of the mortgage for the recited consideration of $170 paid by her in October, 1908, and $531.20 paid February 26, 1909. There is no question but what about $600 was due on this mortgage and that Mary A.

.paid it. The excess of that amount going to pay a contemporaneously executed chattel mortgage from B. D. to said Henry, which was also transferred at the same time by the mortgagee, and upon the same recited consideration. The respondents to the original bill are the eight children, and the complainants in the cross-bill are the five children of a former marriage. The chancellor held that the deed of settlement between complainant and her husband left the title to five-eighths of the property in the husband, and did not pass any title to the cross-complainant, and further that complainant was the owner of the homestead mortgage by assignment, and was entitled to enforce it against the homestead property subject to her own homestead claim, and subject also to set-off in favor of cross-complainants growing out of complainant's conversion of their interest in the personal estate. The other matters sufficiently appear in the opinion.

STREET & ISBELL, for appellant. Where the intention of the grantor is otherwise clear apt words of conveyance are not necessary.—Section 3356, Code 1907; *Ward v. Ward,* 108 Ala. 278; *Sharp v. Brantley,* 123 Ala. 109; *Henry v. Brown,* 143 Ala. 455. The intention is to be ascertained from all the terms of the instrument and surrounding circumstances.—*Sharp v. Hall,* 16 Ala. 110; *McGuire v. Bank,* 42 Ala. 589; *Hall v. Burkham,* 59 Ala. 349; *Rice v. Rice,* 68 Ala. 216; *Griffith v. Marsh,* 86 Ala. 302; *Abney v. Moore,* 106 Ala. 131. To be a deed an interest must vest at the time of the execution, but the reservation of a life estate by the grantor is not conclusive.—*Jordan v. Jordan,* 65 Ala. 301; *Croker v. Smith,* 94 Ala. 295; *Moore v. Campbell,* 102 Ala. 452; *Kelly v. Richardson,* 100 Ala. 594, and authorities supra. It appears, therefore, that there was nothing to foreclose,

[Abney, et al. v. Abney.]

and the original bill should have been dismissed. The right of election as to whether the infant would be bound was with the court who had all the parties before it, and the court should have exercised that right. It is certain that the only remedy the wife had was to enforce a lien against the remaindermen for just contribution, and not for foreclosure.—*Damm v. Damm*, 91 Mich. 424. The amount of her recovery was not the amount of the mortgage debt with interest, but only such proportion thereof as the remaindermen ought in justice to contribute.— 16 Cyc. 635-6; 33 Cent. Dig. sec. 36; 63 Am. St. Rep. 593; 7y Am. St. Rep. 388; *Damm v. Damm, supra;* 14 Am. St. Rep. 626. The court was therefore clearly in error in its decree.

JOHN A. LUSK & SON, for appellee. A title by deed or devise requires the assent of the grantee or devisee before it can take effect, but the heir takes by descent without his wish or election.—3 Washburn on Real Property, sec. 1829. The instrument was a mere agreement, not a conveyance, with reference to the five-eighths interest of the husband.—*Brewer v. Watson,* 67 Ala. 121. The words in the instrument here were words of covenant if anything.—*Webb v. Mullin,* 78 Ala. 113. Instruments not purporting to convey title are neither title nor color.—157 Ala. 24. The granting clause prevails.—*McMillan v. Craft,* 135 Ala. 148; 5 Mayf. 273, 870 and notes.

SOMERVILLE, J.—The deed of settlement between Mary A. Abney and her husband cannot be construed as a conveyance of a five-eighths interest in his homestead to his five children by a former marriage. On the contrary, after granting a three-eighths interest in the property to her for life, with remainder to her three children,

he in terms retained the title to the residue in himself, with provision that after her death, if she survived him, such residue ("his five-eighths interest") should descend to said five children, free from any claim or interest of her three children. Hence the chancellor correctly ruled that the mortgage given on the homestead by the husband and wife jointly was a valid incumbrance on his undivided interest therein, and capable of enforcement against the claims of his heirs.

Complainant, however, as widow, is the owner of a life estate in the homestead. As such it was her duty to keep down the interest on this mortgage debt during the continuance of her estate.—16 Cyc. 604, 12.

She was under no obligation to pay off the principal of the debt, but, having done so, she is entitled to call upon the reversioners for contribution, and has a lien on the property for the amount due her.—16 Cyc. 635, 636.

In such a case the settled rule of apportionment is that the life tenant shall "pay such a sum as would equal the present value of the amount of interest he would probably have paid during his life, if the mortgage had continued so long in existence, estimating his probable length of life by the ordinary tables of mortality. The balance, after deducting this sum, would be the amount due from the reversioner."—Tiedeman on Real Property, § 66, and cases cited.

The relation of the life tenant to reversioners or remaindermen is that of quasi trustee. If he purchases an outstanding title or incumbrance, it will be held to be for the joint benefit of himself and the reversioners or remaindermen. He cannot hold such title or incumbrance for his exclusive benefit if they are willing to contribute their share of the cost of acquisition, and do so within a reasonable time.—16 Cyc. 617, 2 and cases

cited; *Allen v. De Groodt*, 98 Mo. 159, 11 S. W. 240, 14
Am. St. Rep. 626; *Cockrill v. Hutchinson*, 135 Mo. 67,
36 S. W. 375, 58 Am. St. Rep. 564; *Whitney v. Salter*,
36 Minn. 103, 30 N. W. 755, 1 Am. St. Rep. 656.

These principles are very clearly applicable to the
situation disclosed by the evidence in this case. It was,
however, the duty of respondents, as reversioners, to pro-
pound their claim to the benefit of complainant's pur-
chase, and by appropriate averment to offer to refund
to her their proportionate share of the cost. By suffer-
ing a decree for the foreclosure of the mortgage to go
against them without aserting their rights in this regard,
they have effectually waived and lost them.

But the interest accruing on the mortgage debt after
the death of B. D. Abney was the debt of complainant
which she was bound to pay, and should have been de-
ducted from the amount for which foreclosure was de-
creed. In this respect and to this extent the accounting
and decree were erroneous.

One purpose of the cross-bill was the establishment
of cross-complainants' title to a reversionary five-eighths
interest in the homestead property to the exclusion of
the claims of the three children of Mary A. Abney. These
three children were made parties defendant to the origi-
nal bill. One of them, a minor duly represented, an-
swered that bill, and a decree pro confesso was taken
against the other two. They were also made parties de-
fendant to the cross-bill, but the record does not show
that any of them made answer, or that decrees pro con-
fesso were taken against them. So, as to these particu-
lar cross-respondents, the cross-bill was not at issue,
and a decree quieting title under the prayer of the cross-
bill could not have been rendered as to them.

The covenants in the deed of settlement between B.
D. and Mary A. Abney, while binding on themselves,

could not, without acceptance by the remaindermen of the estate therein granted, be binding on them.   Hence the stipulation that a three-eighths interest in remainder should presently vest in the three younger children, coupled with the covenant that they should have no claim as heirs to the remaining five-eighths, which should descend to the five older children exclusively, did not ipso facto operate as such an exclusion.

The scope of this issue, therefore, as presented by the cross-bill, would have included the fact, vel non, of a previous acceptance of the deed, or their present election by answer to accept or reject it, and so to take their separated share of the homestead or to share generally in the whole.   So far as the infant cross-respondent is concerned, his election must, of course, have been made for him by the court.—*Andrews, Adm'r, v. Hall,* 15 Ala. 85.

In the state of the pleadings and submission, as shown by the record, the chancellor did not err in failing to decree upon this phase of the cross-bill.

Appellants complain that on final decree complainant was not charged with the rental value of 80 acres of land belonging to her husband's estate and held in possession or enjoyment by her since his death.   It is sufficient to say that the cross-bill sought no accounting in this particular, no evidence on the subject was offered by appellants, and the matter was not within the scope of the original bill.   The ascertainment of the rental value of the land by the register, on motion of cross-complainants, was not within the terms or objects of the reference, and the register's supplemental report, being unauthorized, was properly disregarded.

We find no error in the actions of the chancery court other than the single one above pointed out.   The final decree will be modified in that particular, and the cause will be remanded for correction in the lower court.   The

[Dean v. Roberts, et al.]

costs of this appeal will be equally apportioned between appellants and appellees.

Affirmed in part, reversed in part, and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.