(102 So. 437)

**CLOUD et al. v. DEAN et al. (1 Div. 343.)**

(Supreme Court of Alabama. Dec. 18, 1924.)

**1. Interpleader ⚖️40—Statute must be substantially complied with to bring in substituted party.**

Proceedings to bring in substituted party must be in substantial compliance with Code 1907, § 6050.

**2. Interpleader ⚖️42—Original defendant discharged by granting of petition for intervention and appearance of substituted parties.**

Granting petition for intervention under Code 1907, § 6050, followed by appearances of substituted parties, discharged original defendant from liability to plaintiff, though no formal order was made, and one of substituted defendants was thereafter permitted to, or did, withdraw from, and made no defense to, suit.

**3. Interpleader ⚖️43—Recital of judgment entry held sufficient to show parties litigant and joinder of issue between them.**

Judgment entry, reciting that "issue having been joined between all the parties to this cause," etc., held sufficient to show that parties were plaintiffs and claimants, substituted for defendant by intervention under Code 1907, § 6050, and that they had joined issue on claim to funds, though claimants' plea was not shown by record.

**4. Deeds ⚖️36—Apposite words of conveyance necessary to pass title, unless manifest intent to do so appears from entire instrument.**

To pass title to realty, apposite words of conveyance indicating such intent are generally necessary, unless such is manifest intent collected from entire instrument, in view of Code 1923, § 6839.

**5. Estates ⚖️1—Legal title vested in some one at every moment.**

Legal title cannot remain in suspense, but must be vested in some one at every moment.

**6. Logs and logging ⚖️8(1)—Contract held not deed to timber but agreement for cutting and removal to stated point for sale.**

Contract to allow one to cut, haul, and carry to M. all pine timber of certain diameter growing on certain land, with right to go on land to cut and remove it, held not deed to timber, but agreement for cutting and removal from land to such point, on arrival at which contract further stipulated that timber, logs, etc., should be sold by parties; neither legal title nor absolute power of disposition being vested in party given right to cut and remove them.

---

**7. Logs and and logging ⬥⟹8(5)—Whether contract gave right to cut and remove piling held for jury.**

Whether contract for cutting and removal of timber gave right to cut and remove piling, and whether latter was made subject of first or second contract, *held* for jury on conflicting testimony as to whether original written contract was changed.

**8. Logs and logging ⬥⟹8(5)—Whether contract for cutting and removing timber was terminated as authorized therein before expiration of term held for jury.**

Whether contract for cutting and removal of timber was terminated by fulfillment or consent of parties, as authorized therein, before expiration of term, *held* for jury.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action on common counts by J. B. Cloud and another against the Republic Creosoting Company, N. W. Dean and another substituted defendants. From a judgment for defendants, plaintiffs appeal. Affirmed in part, reversed in part, and remanded.

Harry T. Smith & Caffey, of Mobile, for appellants.

The first contract was not a deed to the timber. Webb v. Mullins, 78 Ala. 111; Matthews v. T. C. I. Co., 157 Ala. 23, 47 So. 78; Int. B. & L. Ass'n v. Agricola, 124 Ala. 474, 27 So. 247; Reynolds v. Stockman, 109 S. C. 112, 95 S. E. 341; Moore v. McAllister, 205 Ala. 512, 88 So. 645; Smythe Lbr. Co. v. Austin, 162 Ala. 110, 49 So. 875. Whether the contract was terminated was a question for the jury. Andrews v. Tucker, 127 Ala. 612, 29 So. 34; Robinson v. Bullock, 66 Ala. 548; Cooper v. McIlwain, 58 Ala. 296; Ashley v. Cathcart, 159 Ala. 474, 49 So. 75; Wellden v. Witt, 145 Ala. 605, 40 So. 126; Mylin v. King, 139 Ala. 319, 35 So. 998; Davenport v. Crowell, 79 Vt. 419, 65 A. 557; Earnshaw v. Whittemore, 194 Mass. 187, 80 N. E. 520; Hanson & Parker v. Wittenberg, 205 Mass. 319, 91 N. E. 383. The second contract modified the first. Andrews v. Tucker, 127 Ala. 602, 29 So. 34; Harmon v. Goetter, 87 Ala. 325, 6 So. 93; Drake v. State, 136 Ala. 261, 33 So. 873, 96 Am. St. Rep. 25; Easton v. State, 16 Ala. App. 405, 78 So. 321.

R. P. Roach, of Mobile, for appellees.

The judgment is valid in favor of the original defendant. Nelson v. Goree's Adm'r, 34 Ala. 565; Johnson v. Maxey, 43 Ala. 521; Coleman v. Chambers, 127 Ala. 615, 29 So. 58; Stewart v. Sample, 168 Ala. 270, 53 So. 182. It was the duty of plaintiff to show the piling was not a part of the timber sold and conveyed to Dean by the timber deed. Smith v. Heath, 207 Ala. 4, 91 So. 799. The contract of November, 1921, was a deed to the timber and showed plaintiffs had no

title or claim to it. Henry v. Brown, 143 Ala. 455, 39 So. 325; Davis v. Miller-Brent Co., 151 Ala. 587, 44 So. 639; Ferris v. Hoglan, 121 Ala. 240, 25 So. 834; Code 1923, §§ 6839, 6900, 6928; Ward v. Ward, 108 Ala. 278, 19 So. 354; Sharpe & Son v. Brantley, 123 Ala. 105, 26 So. 289.

THOMAS, J. The suit was on the common counts against the Republic Creosoting Company, and defendants Dean were brought in by way of the statute providing for intervention or claim. Code 1907, § 6050.

The court made an order that the Deans, as individuals or as composing the firm of Dean Bros., were made defendants, but did not formally declare, in the language of the statute, that said substituted defendants should stand in the place of the original defendant; nor did that order formally discharge the original defendant from liability to plaintiff, as provided in the statute. The record recites that issue was joined by all the parties to the cause, and thereon there was judgment for defendants.

[1] The right of such intervention is by reason of, and must be in the manner provided by, the statute; and, unless there is substantial compliance therewith the proceedings to bring in the substituted party are not effective. The elements authorizing the right of intervention by way of an interpleader are stated in Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370; Stewart v. Sample, 168 Ala. 270, 53 So. 182.

[2] When the petition for intervention was granted by the court December 22, 1923, as to N. W. and Bush Dean (doing business as Dean Bros.) and T. W. Weatherford, in his own behalf, and the respective appearances being made, though no formal order, as indicated, was made, the law discharged the original defendant from liability to the plaintiff, the substituted defendants brought in appearing for the original defendant to litigate for the money sought to be recovered by the suit. The fact that one of the substituted defendants, Weatherford, was thereafter permitted to or did withdraw from the suit and made no defense thereof did not affect the status of the Republic Creosoting Company as original defendant. Under such pleadings and fact the judgment rendered was valid in so far as it affected and discharged the original defendant. Recent cases in intervention or claim suits do not militate against this conclusion. H. C. Schrader Co. v. A. Z. Bailey Gro. Co., 15 Ala. App. 647, 74 So. 749; Ex parte A. Z. Bailey Gro. Co., 201 Ala. 79, 77 So. 373; Stewart v. Sample, 168 Ala. 270, 53 So. 182.

[3] It is true that the plea of the claimants or interveners is not shown by the record; yet the recital of the judgment entry is that "issue having been joined between all

the parties to this cause," etc., and is sufficient to show that the parties litigant were the plaintiffs and the claimants, N. W. and Bush Dean, doing business as Dean Bros., and that they had joined issue on their claim to the funds in question. The judgment, in so far as it affects the Republic Creosoting Company, is affirmed.

[4-6] By the written contract in evidence Joseph B. Cloud "agrees to allow" N. W. Dean to cut, haul, and carry to Mobile "all of the pine timber growing" on the land indicated which "measures 12 inches in diameter, 20 feet from the butt end of the logs, and all above said measurement" (except five pine trees reserved), and the "right and liberty" is given "to go upon said lands * * * to cut and remove the said timber during the existence of this contract, until the date of its termination"; and the contract contained a consideration. It provided "that all rights under this contract cease after November 14, 1922, and may be sooner ended by fulfillment or by consent of the parties hereto." This was not a deed to the timber, but an agreement for the cutting and removal from the land to Mobile—an executory agreement to sell and convey the timber when severed and moved to the point indicated. C. W. Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58.

It is provided by statute:

"A seal is not necessary to convey the legal title to land to enable the grantee to sue at law. Any instrument in writing signed by the grantor, or his agent having a written authority, is effectual to transfer the legal title to the grantee, if such was the intention of the grantor, to be collected from the entire instrument." Code 1907, § 3356; Code 1923, § 6839.

It is generally held that to pass title to real property apposite words of conveyance indicating such intention of the parties are necessary. Moore v. McAllister, 205 Ala. 512, 88 So. 643; Matthews v. T. C. I. & R. R. Co., 157 Ala. 23, 47 So. 78; Laster v. Blackwell, 128 Ala. 143, 30 So. 663; Webb v. Mullins, 78 Ala. 111; I. B. & L. Ass'n v. Agricola, 124 Ala. 474, 27 So. 247; Doe. ex dem. Anniston City Land Co. v. Edmondson, 145 Ala. 557, 40 So. 505.

It has been declared that apt words of conveyance are not necessary (Henry v. Brown, 143 Ala. 446, 39 So. 325), when the manifest intention is to divest the grantor of whatever title he has and invest the grantee therewith, and this intention is to be collected from the entire instrument. Ward v. Ward, 108 Ala. 278, 19 So. 354; Sharpe & Son v. Brantley, 123 Ala. 105, 26 So. 289; Dreyspring, Adm'r, v. Loeb, 119 Ala. 282, 24 So. 734; New England Mortg. Sec. Co. v. Clayton, 119 Ala. 361, 24 So. 362; Abney v. Abney, 182 Ala. 213, 62 So. 64. The intention of the grantors, collected from the entire instrument, was not to transfer the legal title to the grantee. This rule of construction has been applied to deeds for standing timber (Davis v. Miller-Brent Lbr. Co., 151 Ala. 587, 44 So. 639), and to a vineyard (Ferris v. Hoglan, 121 Ala. 240, 25 So. 834).

Looking to the whole instrument for the intention of the parties, it is stipulated:

"It is further agreed between the parties hereto that upon the arrival of the timber, logs, telegraph poles or piling in Mobile, or other place of selling, the same shall be contracted and sold to the purchaser thereof by the said Joseph B. Cloud and N. W. Dean, both concurring in the price and the sale thereof, or their duly authorized agents in writing, the purchaser paying to the said Joseph B. Cloud one-third of the gross proceeds of such logs and timber, and paying to the said N. W. Dean all the balance of said proceeds of said logs, and timber for the parties of the second part hereof.

"At the time of entering into this contract the parties of the second part pay to the said J. B. Cloud, as part payment under this contract, the sum of $100 as follows: Cash, $50—by promissory note for $50 payable 10 days after its date. It is further agreed between the parties hereto that, when the said Joseph B. Cloud has received from the purchaser of said logs and timber, as part of the gross proceeds, as aforesaid, or other person, the sum of $300, not including the $100 paid to him at the date of this contract, then his right to receive and collect from the purchaser of said timber and logs one-third of the gross proceeds as aforesaid ceases, and thereafter the said parties of the second part shall have the right and power to contract and sell all of the balance of said logs and timber gotten out under the terms of this contract without the consent and concurrence of the said J. B. Cloud and to receive all of its proceeds."

The legal title could not remain in suspense. At every moment it must be vested in some one. To the time of the making of the second contract it was vested in the grantor, subject to the contract rights indicated. When that second agreement is considered, any ambiguous or equivocal expressions contained in the first instrument are made clear to the effect that the right given was merely the right to cut, remove, scale, or measure said timber on the "bank of Little river," as indicated; not to invest the legal title to, or to give the absolute power of disposition of, the pilings to Dean.

[7, 8] Was there error in giving the general affirmative charge at the request of the substituted defendants, claimants N. W. and Bush Dean? The decisions governing the giving or refusing of such peremptory instruction were discussed in McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. There was testimony for plaintiffs tending to show that the original contract for the right to cut and remove certain timber, of the kind and di-

mensions indicated, from the Cloud land was in writing and that it had been changed. Plaintiff denied such change in any part of the contract, stated that it did not give the right to cut and remove piling, and offered in evidence the instrument. A jury question was thus presented as to the exact terms of that instrument and whether the piling was made the subject of the first or the second contract. The contract was of date November 14, 1921, and contained the stipulation that the rights of the parties thereto were to "cease after November 14, 1922," or might be "sooner ended by fulfillment or by consent of the parties" thereto. Under the respective tendencies of the evidence that the contract was terminated by "fulfillment or by consent of the parties" in April, 1922, a jury question was presented on that issue of fact.

The plaintiffs' Exhibit No. 4, of date February 3, 1922, as set out, refers only to the pilings to be cut from the tops of trees that are or may be cut under the first contract. Defendants offered a tendency of evidence to show that the original contract embraced pilings, timber, and telegraph poles, without limitations. The testimony of plaintiffs was to the contrary. So, also, Cloud testified that he scaled the pilings, and that they were practically all below the specified dimension per the last contract, and such as the defendants were not authorized to cut. In giving the affirmative charge it would appear that no consideration was given to the contract of February 3, 1922, the execution of which was not disputed, and by which the original contract, such as it was, was modified in so far as the cutting and removing of pilings was concerned.

The case should be submitted to the jury on the several issues of fact indicated.

The judgment of the circuit court is reversed, and the cause is remanded as to appellants J. B. and W, O. Cloud. The costs of the appeal are taxed against N. W. and Bush Dean.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.