(104 So. 824)

## RUSHTON v. McLAUGHLIN. (3 Div. 709.)

(Supreme Court of Alabama. June 18, 1925.)

1. **Life estates** ⬅16—**Life tenant, purchasing under mortgage foreclosure, holds title for benefit of reversioners and may demand contribution.**

   Life tenant is quasi trustee for reversioners, and holds superior outstanding title acquired by purchase of property under mortgage foreclosure sale for joint benefit of herself and reversioners, whom she may call on for contribution to pay purchase price.

2. **Life estates** ⬅16—**Purchaser at mortgage foreclosure, to satisfy amount advanced for payment of prior mortgage of life tenant, not absolute owner as against reversioners.**

   Purchaser at mortgage foreclosure sale to satisfy amount advanced by him for payment of prior mortgage indebtedness of life tenant became quasi trustee for reversioners, and cannot hold outstanding title obtained for his exclusive benefit, if reversioners contribute their share of cost of acquiring it within reasonable time.

3. **Quieting title** ⬅43—**Answer, denying allegations of bill and demanding strict proof, puts in issue title claimed by complainant.**

   Answer, merely denying each and every allegation of each paragraph of bill to quiet title, and demanding strict proof thereof puts in issue title claimed by complainant in bill.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill to quiet title by Elwood McLaughlin against Theo W. McLaughlin and others. From a decree for complainant, Marion Rushton, as guardian ad litem for minor respondents, appeals. Reversed and rendered.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Marion Rushton, of Montgomery, for appellant.

Counsel argues for error in the decree, but without citing authorities.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The life tenant, having paid off the mortgage, is entitled to call upon the reversioners for contributions and has a lien on the property for the amount due her. Abney v. Abney, 182 Ala. 213, 62 So. 64. Appellee was entitled to be subrogated to the rights of the mortgagor. Arnett v. Willoughby, 190 Ala. 530, 67 So. 426. The decree should be affirmed.

MILLER, J. This is a statutory bill in equity by Elwood McLaughlin against Theo W. McLaughlin and others to quiet title to a city lot in Montgomery, particularly described in the bill, which was filed as permitted by the statutes. Sections 9905, 9906, Code 1923. There was decree pro confesso against all the respondents, except the three minors, Theo Gunter Elmore, Henry Elwood McLaughlin, and Graham Rushton. A guardian ad litem was appointed by the court to represent the three minors. He filed for them an answer denying the averments of the bill. The court by decree granted complainant relief, held he owns absolutely this property, and neither of the respondents has any right, title, interest in or incumbrance upon it. The three minors appeal from that decree, and it is the error assigned.

Mrs. Ida W. Welch purchased this property in 1910 from T. Scott Sayre as executor of the estate of Sallie E. Hutchinson, deceased, and she executed to this executor, as such, a mortgage on the property to secure $5,500, the balance of the purchase price. This mortgage and the debt secured by it were afterwards transferred by Sayre, as executor, to W. A. Graves. Mrs. Ida W. Welch died seized and possessed of this property, subject to the purchase money ($5,500), mortgage debt, which was unpaid, and owned by W. A. Graves. Mrs. Welch left a last will and testament which was duly probated, the pertinent parts of which are as follows:

"Item II. I give, devise and bequeath to my beloved daughter, Ida Theodore Elmore, all of my property of every kind and description, real, personal or mixed, and wheresoever located, and to the children of her body after her. But in the event that my said daughter should die without leaving a child or children or descendants of a child or children, then all of my said property above devised and bequeathed to her shall vest absolutely in fee simple in my sister, Willie Wyatt, if she be then living, and if my said sister be not then living, said property shall vest absolutely in my beloved nieces, Mary W. Rushton, Josephine Scott and Mary W. Lovelass, share and share alike.

"Item III. In the event my beloved daughter Theo shall die leaving a child or children or descendants of a child or children, the property shall vest absolutely in such child or children or descendants of children."

The daughter, Ida Theodore Elmore, of testatrix went into possession of this property under the will. Her husband was Gunter Elmore. After the will was probated, and after this daughter of testatrix went into possession of this property thereunder, W. A Graves foreclosed the mortgage under the power of sale therein. Ida Theodore Elmore became the purchaser of this property at the sale; a foreclosure deed was made to her, and contemporaneously with the execution and delivery to her of the foreclosure deed, she and her husband Gunter Elmore executed and delivered to W. A. Graves a mortgage on this property for $5,500, the agreed purchase-money price to be paid by her, which amount was due him under the mortgage foreclosed.

Gunter Elmore, her husband, died in 1916, they had one child a minor, Theo Gunter Elmore, who is one of the respondents. The widow married Elwood McLaughlin, the complainant, in 1917. By this marriage there is one child, a minor, Henry Elwood McLaughlin, who is a respondent in this cause. The other minor respondent is Graham Rushton, son of Mary W. Rushton, deceased, who is mentioned in will of testatrix. The other respondents in the bill are Willie Wyatt, Josephine Scott, Mary W. Lovelass, and the other heirs of Mary W. Rushton, deceased.

[1] Ida Theodore Elmore, under the will of her mother, Ida W. Welch, owned a life interest in this property. She owned this life interest when she purchased this property under the mortgage foreclosure sale made by W. A. Graves. Her relation of life tenant in this property to the reversioners is that of quasi trustee, and when she purchased this superior outstanding title to the property it was held by her for the joint benefit of herself and the reversioners. Abney v. Abney, 182 Ala. 213, 62 So. 64; 16 Cyc. 617, 2.

[2] Immediately after the purchase and after a foreclosure deed was made to her by W. A. Graves, she and her husband, Gunter Elmore, made and executed a mortgage on this property to W. A. Graves to secure the purchase price, $5,500, which was the amount of the debt due under the original mortgage foreclosed. Mrs. Elmore and her husband, by this mortgage, conveyed to W. A. Graves to secure this $5,500 purchase price her life interest in the property and her lien on the property for the amount due her, which she agreed to pay at the foreclosure sale, viz., $5,500; and for which she could call upon the reversioners for contribution to pay it. Abney v. Abney, supra.

After the death of Gunter Elmore (her husband) she married complainant who advanced her $2,000 to pay on this mortgage debt, which she did and he paid direct $3,500, the balance of this mortgage debt, with the

understanding he was to have a lien on the property for this money advanced. Her husband, Elwood McLaughlin, complainant in this cause, then filed a bill in the circuit court of Montgomery county, in equity, against Theo W. McLaughlin and others seeking to be subrogated to the lien of the mortgage given to said W. A. Graves, which he paid in full, and that the property be sold to satisfy the amount due him. The court in that cause granted complainant relief, ordered the property sold by the register to pay the amount due complainant and costs of the cause. Elwood McLaughlin, complainant in that cause and in this cause, became the purchaser of this property at the register's sale under that decree on April 30, 1923; the sale was confirmed and the register by deed conveyed this property to him on May 28, 1923. By this sale, purchase, and conveyance he became the owner of the life interest of his wife in this property, and owner of this $5,500 debt and its lien on the life interest and on the reversion in this property. He became thereby the quasi trustee to the reversioners, and he holds this title by virtue of this $5,500 outstanding lien on this property paid by him for the joint benefit of himself (the owner of the life interest of his wife) and the reversioners. He cannot hold this outstanding title so obtained by him "for his exclusive benefit if [the reversioners] are willing to contribute their share of the cost of acquisition of it, and do so within a reasonable time." Complainant owns the interest and rights of his wife in this property by this purchase, and occupies the same relation that she occupied to the reversioners. Abney v. Abney, 182 Ala. 218, 62 So. 66; 16 Cyc. 617, 2.

[3] This bill was filed November 15, 1924, within two years after the sale on May 28, 1923, and purchase of this property by complainant under the foreclosure decree of the court dated April 30, 1923. There was decree pro confesso against all of the respondents except the two minor children (Henry Elwood McLaughlin and Theo Gunter Elmore) of the wife of complainant, and Graham Rushton, son of Mary W. Rushton, deceased. The two children of the wife of complainant are respectively 6 and 10 years of age. They are particularly and primarily interested under this will of their grandmother as reversioners in this property. They each have a reversionary interest in this property. The interest of Graham Rushton in this property is remote as reversioner, and probably will be divested by death of the life tenant leaving a child or children. The answer of these three minors, the only appellants in this cause, simply denied each and every allegation of each paragraph of the bill, and demanded strict proof of the same. This put in issue the title claimed by complainant to this property in the bill, and he averred and claimed to own the property, and prayed that it be decreed to belong to him absolutely. The complainant does not own the property absolutely, and the appellants have some interest in and rights to this property in remainder, as is hereinbefore fully shown. Abney v. Abney, supra.

The trial court erred when it decreed this property is owned absolutely by complainant, and that these appellants have no title, claim, estate, or interest in this property. This decree will be reversed, and one will be entered here denying complainant relief and dismissing his bill of complaint. The appellee is taxed with the cost of this appeal, and also with the cost of the trial court.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.