34

53 So.2d 580

## DAUPHIN v. GATLIN.
### 4 Div. 625.

Supreme Court of Alabama.
April 12, 1951.

Rehearing Denied June 28, 1951.

Jas. M. Prestwood, Andalusia, for appellant.

Ralph A. Clark, Andalusia, for appellee.

BROWN, Justice.

The bill was filed April 11, 1949, by the appellant against appellee, his grandmother, seeking to establish a trust in property which complainant allegedly inherited from his grandfather G. C. Dauphin who died on November 11, 1927, leaving valuable real and personal property which came into the hands of the defendant which she invested and reinvested, the proceeds of which by the averments of the bill have been traced and located in the 79 acres of land acquired by the defendant by exchange or purchase, said land being situated in section 33, township 4, range 17, Covington County, Alabama, all of which was sold by the defendant except 38 acres in the SW Quarter of the NW Quarter of said section, township and range and of which defendant at the time of filing the bill was in possession.

The bill further alleges that the defendant made a written declaration of trust recognizing complainant's ownership in said property which he had inherited from his grandfather, which declaration of trust she afterwards attempted to destroy.

The bill prays that defendant be divested of the legal title to the 38 acres in her possession, that said title be vested in complainant and that he be given possession thereof. The bill further prays that defendant be required to account for the proceeds of the property sold and any other property or funds that may have come into her hands in trust for the complainant and for general relief.

Defendant's answer denies the allegations of the bill and complainant's ownership, legal or equitable, of any property in her possession and she alleges in said answer that said G. C. Dauphin owned no property in Covington County at the time of his death other than three vacant lots upon which the residence of defendant and her husband was formerly situated, but which was destroyed by fire prior to his death, and a nominal amount of personal property consisting of household furniture, which was covered by an unpaid mortgage at the time of his death and which the defendant was unable to pay and that said mortgage was foreclosed.

The answer also alleges that said vacant lots were covered by a mortgage executed by the defendant and her husband during his life time, held by the First National Bank of Opp, which after his death was foreclosed and defendant purchased said property at said foreclosure sale and received a foreclosure deed to the same, vesting in her the legal title thereto.

On submission for final decree upon pleadings and proof taken *ore tenus* the circuit court decreed that the complainant was not entitled to relief, that he has no right, title or interest in the property in defendant's possession and dismissed the bill. Hence this appeal.

The evidence shows that G. C. Dauphin and his son Oliver C. Dauphin were killed in an accident on the 11th of November, 1927, and that the son Oliver C. Dauphin survived his father and that Oliver C. Dauphin is the father of complainant. The evidence further shows without dispute that G. C. Dauphin prior to his death owned the three lots described as lots 4 and 5 in Block A of Martin and Foster Addition and Lot 17 in Block A in Opp, Alabama; that said lots were vacant at the time of G. C. Dauphin's death, but that the same was the site of his former residence, which he and his wife occupied until destroyed by fire; that there was a mortgage on said property for $705.20 executed by the defendant and her husband to the First National Bank of Opp to secure an indebtedness due to the bank in the sum mentioned and which was outstanding and unpaid at the time of his death. Said mortgage was subsequently foreclosed under the power of sale therein embodied and the defendant became the purchaser at said sale, she being the highest and best bidder therefor for the sum of $206.03. The evidence further shows that the reasonable value of said lots was $300. That defendant subsequently built a small house for her own use on said lots, with money borrowed from the bank, and that she subsequently traded this town property to the Bank of Opp for the 78 acres of land in the country and assumed the payment of a mortgage held on said land by the Federal Land Bank of New Orleans. That she sold a part of the tract and paid the proceeds thereof to the Federal Land Bank of New Orleans and has been keeping up the payments on said mortgage through the efforts of herself and her second husband, whom she married after the death of Mr. Dauphin, and that she is still in possession of the 38 acres of land.

Said G. C. Dauphin also left an insurance policy on his life in which his wife, the defendant, was named as the sole beneficiary. She collected said policy and used the proceeds in paying the debts of her husband and gave to the widow of her son Oliver C. Dauphin $1,000 in cash, who was the mother of complainant, an infant. The evidence further shows that said G. C. Dauphin had an insurance certificate in the Woodmen of the World payable to his estate or his personal representative; that the Woodmen of the World filed a bill of interpleader against Dr. George C. Nix, as the administrator of the estate of Oliver C. Dauphin, deceased and the defendant, and in that proceeding it was agreed that the proceeds of said certificate should be paid to the widow of said Oliver C. Dauphin.

The evidence further shows that Oliver C. Dauphin was the only heir at law of G. C. Dauphin, deceased, and that any property or interest in property left by said G. C. Dauphin not exempt to his widow from administration and payment of debts, was subject to inheritance by Oliver C. Dauphin, the father of the complainant. Therefore, the complainant was not an heir at law of G. C. Dauphin, deceased, and whatever interest he inherited, he took through his father Oliver C. Dauphin, and through the administration of his father's estate.

█ A writing signed by the defendant and which she attempted to destroy by tearing and burning, the torn pieces of which after being pieced together were adduced in evidence, was relied on by the complainant as setting up a trust to property then in possession of the defendant. Said writing on its face was ambulatory in character and was to take effect only at defendant's death, and not being executed and witnessed as required by the statute, was without legal force either as setting up a trust or as a gift *inter vivos*. The statute regulating the execution of wills, Code 1940, Tit. 61, § 24, requires that wills be executed and witnessed as therein provided.

█ Under the allegations of the bill the complainant had the burden of showing that the property of which the complainant had title, either legal or equitable, or funds to which he was entitled were found in the hands of the defendant and that she commingled them with her own, and to identify and trace such property or fund into specific property or funds in the hands

---

of the defendant. Hanover National Bank of New York v. Thomas, State Supt. of Banks, 217 Ala. 494, 117 So. 42.

As to any household goods which were left by G. C. Dauphin, before the complainant could establish a trust therein, the burden was on him to show that they were not exempt from administration and payment of debts to the widow of said G. C. Dauphin, as to which no setting apart was necessary. Phillips v. First National Bank, 208 Ala. 589, 94 So. 801; Jackson v. Wilson, 117 Ala. 432, 23 So. 521; Code 1940, Tit. 7, §§ 664, 665.

The evidence clearly fails to establish ownership of any property or fund in the hands of defendant acquired by the use of a trust fund or property to which the complainant was entitled. Therefore we are in agreement with the conclusion expressed in the final decree of the circuit court that the complainant was not entitled to relief and that his bill should be dismissed.

The decree of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

We note the criticism that the opinion of the court ignored the amendments to the bill, which seeks declaratory relief. The opinion answered this criticism when it declared that the complainant had failed to sustain his claimed rights and was not entitled to any sort of relief.

The only interest the defendant had in the three lots owned by G. C. Dauphin in his lifetime, was the right of dower,—a derivative estate, which had not been judicially fixed in any part of the property, Edwards v. Bibb, 54 Ala. 475, 485; Code 1940, Tit. 34, §§ 40, 41 and 42, and exemptions in lieu of homestead under § 662, Title 7, Code of 1940, likewise not judicially determined, and possibly the right of quarantine. Code 1940, Tit. 34, § 50. As to these rights or interests, there was no common or interlocking title or interest between the widow of G. C. Dauphin and the heir at law of O. C. Dauphin, through whose estate his rights must pass, subject to administration and the payment of debts.

The principles stated and applied in the following cases are inapt. Rushton v. McLaughlin, 213 Ala. 380, 104 So. 824; Abney v. Abney, 182 Ala. 213, 62 So. 64; Sullivan v. Parker, 228 Ala. 397, 183 So. 858; Ward v. Chambless, 238 Ala. 165, 189 So. 890; Sumner v. Bingham, 210 Ala. 446, 98 So. 294.

The application for rehearing is, therefore, overruled.

LIVINGSTON, C. J., and LAWSON and SIMPSON, JJ., concur.