## GLEASON v. GLEASON.

[No. 6,403.    Filed March 16, 1909.]

1. PLEADING.—*Complaint.—Estates.—Waste.—Injunction.*—A complaint by the owner of the fee against the life tenant for permitting the buildings on the land to fall into decay, which fails to show that such tenant is insolvent, that the damage may not be repaired, that the tenant will not make such repairs in the future, or that the damages may not be fully compensated, is insufficient.    p. 427.

2. ESTATES.—*Waste.—Forfeiture.—Statutes.*—Where the owner of the fee brings suit against the life tenant for an injunction to prevent waste, but does not ask for a forfeiture, the suit is not governed by §288 Burns 1908, §286 R. S. 1881, providing that estates may be forfeited under certain circumstances.    p. 427.

From Tipton Circuit Court; *J. F. Elliott*, Judge.

Suit by Jerome A. Gleason against Elizabeth Gleason. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Gifford & Gifford*, for appellant.
*Oglebay & Oglebay*, for appellee.

HADLEY, J.—As stated in appellant's brief, under head of "Nature of the Action:" "this suit was brought by Jerome A. Gleason, the owner of the fee of the lands described in the complaint, against Elizabeth Gleason, seeking to compel her to keep in repair said property, to prevent her from allowing permissive waste, and to compel her to make such repairs as were then required." Appellee is the owner of a life estate in said real estate. The proceeding is in the nature of a mandatory injunction. A demurrer was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered against him. The waste complained of was in permitting the buildings to become and remain out of repair, failing to paint them, permitting the roof to sag and leak, etc.

The complaint does not show that appellee is insolvent,

that there is any damage that may not be repaired, that appellee will not make the necessary repairs in the future, or before the termination of her estate, or that there are any damages that may not be fully compensated. In order to establish his right to a mandatory injunction, appellant must show an unlawful invasion of his rights, irreparable and continuing in its nature, that there is no adequate remedy at law, and that he cannot be compensated in damages. *Lake Erie, etc., R. Co. v. Essington* (1901), 27 Ind. App. 291; *Shroyer v. Campbell* (1903), 31 Ind. App. 83; *Brauns v. Glesige* (1892), 130 Ind. 167.

The complaint does not bring this case within the rule. There was no attempt to declare a forfeiture of the life estate. It is therefore not governed by §288 Burns 1908, §286 R. S. 1881.

Judgment affirmed.