172 So. 102
## ALABAMA HOME BUILDING & LOAN ASS'N v. AMOS.
### 6 Div. 24.

Supreme Court of Alabama.

Jan. 14, 1937.

See, also, Amos v. Toolen, 232 Ala. 587, 168 So. 687.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

Wm. S. Pritchard, of Birmingham, for appellee.

368

**THOMAS, Justice.**

The motion to dismiss the appeal was considered and overruled, and thereafter the submission was on the merits.

Assignment of error challenges the overruling of démurrer to the bill as amended.

The appeal is by the Alabama Home Building & Loan Association. It alone assigns error.

The amended bill states the facts as to the subject matter—the transaction as to stock in appellant corporation. The prayer of the amended bill is sufficient to a final adjudication of the rights of all parties before the court in that subject matter.

A material feature of this case was before the court in Amos v. Toolen et al., 232 Ala. 587, 168 So. 687. Complainant amended her bill after former adjudication here by adding this appellant as a party respondent and as an alleged party jointly participating with Mrs. Amos in the devastavit of the trust funds considered and declared on the prior appeal. The will of testator Charles E. Roy was duly construed on former appeal, and on its further consideration we have no desire to recede from the construction there given.

The former opinion in this case held that "proof, sustaining allegations of remaindermen's cross-bill in the executrix' proceedings for approval of her management of estate's property, that her acts were in willful disregard of her duties under will, authorizes her removal from control of the property and as executrix, whereupon her coexecutor, named in the will, must complete administration and perform trust duties imposed by will. in absence of provision therein for substitution of another executor (Code 1923, § 5756)." 232 Ala. 587, 588, 168 So. 687, headnote 8.

The demurrer to the bill as last amended was to the effect (1) that there is no equity in the bill; (2) that the transaction involved is perfectly legal and binding on the parties thereto; (3) that "For all that appears the purchase of stock in The Alabama Home Building & Loan Association involved no misapplication of trust funds"; (4) that appellant had no knowledge that the purchase of the stock in the Association involved the misapplication of trust funds; and (5) that "If the deposits in The Alabama Home Building & Loan Association were illegal, the complainant, as a party to the transaction, is estopped from setting up such illegality."

This being a demurrer addressed to the bill as amended as a whole, it is presumed that the trial court did not pass upon the grounds thereof severally as applied to such particular aspect of the bill as each was appropriate to. Oden v. King et al., 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413, and authorities; City of Birmingham et al. v. Louisville & N. R. Co., 216 Ala. 178, 112 So. 742. The court will not look about for grounds of objection not presented or urged on the trial. Meadors v. Haralson, 226 Ala. 413, 147 So. 184.

The illegality and misapplication of the trust funds in question were involved, considered, and the respective equities settled by the former appeal. Amos v. Toolen et al., supra. And in equity of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants. Oden-Elliott Lumber Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3 (where the owner of a pledge joined in a suit by the pledgee); Travelers' Fire Ins. Co. v. Young et al., 225 Ala. 671, 145 So. 140; Seay v. Graves, 178 Ala. 131, 59 So. 469.

It is sufficient if all the parties interested in the subject matter are before the court in the office of complainant or respondent. When such is the fact, a court of equity, having acquired jurisdiction of the subject matter and of all the parties in interest, will proceed to settle all questions arising out of and affecting the title to that subject matter and the necessary parties before the court, that a final and complete adjudication be decreed. First

Nat. Bank of Eutaw v. Barnes et al., 229 Ala. 612, 159 So. 68; Ex parte Tennessee Valley Bank, 231 Ala. 545, 166 So. 1; Irwin v. Irwin, 227 Ala. 140, 148 So. 846. That is, a court of equity will proceed in the enforcement and protection of trusts under the original and inherent powers of such court. Ex parte Tennessee Valley Bank, supra; Silverstein et al. v. First Nat. Bank of Birmingham, 231 Ala. 565, 165 So. 827.

 After coming in of the evidence, and on due submission, the final decree rendered will direct the recovery, safeguard the funds, and direct payment to the party or parties entitled to recover. Thus the appellant will be fully protected as a stakeholder in the payment or delivery of the trust funds. That is, when payment is made pursuant to a final decree in this cause, appellant will be discharged from other and further liability as to such subject matter and parties at interest therein.

It follows that the decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.