183 So. 639

**WOOD et al. v. AMOS.**

6 Div. 288.

Supreme Court of Alabama.

June 2, 1938.

Rehearing Denied Oct. 6, 1938.

Basil A. Wood, of Birmingham, for appellants.

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for appellee.

THOMAS, Justice.

The cause was submitted on motion and merits, and as suggested on the submission, the affidavit made the subject of the motion will be considered, if the same was shown to have been duly introduced in evidence. Although the appeal had been taken on January 1, 1938, and citation of appeal served on defendant on February 18, 1938, it was within the jurisdiction and power of the trial judge to ascertain and direct the register in preparing the true record for this court, under the evidence on motions. The motions are denied. Home Ins. Co. v. Shriner et al., Aetna Ins. Co. v. Shriner et al., 235 Ala. 65, 177 So. 897.

There are phases of this case reported as Amos v. Toolen et al., 232 Ala. 587, 168 So. 687; Alabama Home Building & Loan Ass'n v. Amos, 233 Ala. 367, 172 So. 102. On the former appeal (Amos v. Toolen et al., supra) it was observed of the status of Mrs. Amos under the will in question, that (page 691):

"Mrs. Amos is not only a life tenant of the property involved in this proceedings, but is one of the two surviving executors. By the terms of the will of the decedent these executors are given the right to sell any and all the real property of the decedent, not specifically devised, but only, as heretofore pointed out, for the limited purpose of reinvestment.

" 'The executor or administrator is not only the personal representative of decedent, but is also to a very great extent the representative of the creditors, and of the legatees or distributees. He occupies a position of trust with respect to those who are interested in the estate, and is a trustee in the broadest sense, although not in the general acceptation of the term.' 23 Corpus Juris, § 387, pp. 1170, 1171."

It may be here said in a word that Charles E. Roy, through his will leaving all of his properties to his daughter, Mrs. Mabel Roy Amos, at her death one-half to go to her daughter and the balance to named charities, with the exception of a one forty-eighth undivided interest (after allowing for contingent bequests) in remainder to his attorney who drew the will, has named his said daughter Mrs. Mabel Roy Amos (his only child) and other persons as executors and as trustees, with certain rights and liabilities in the management of his property, until the death of his daughter. The word "trustee" is not

mentioned in the will, but the duties, rights and liabilities of such trustee were definitely indicated and were decided on the former appeal.

It is recited that all remainder interests were in court during the last trial, heard the testimony of Mrs. Amos and saw and understood the many vouchers offered by her. Such representatives in remainder interests, except only the Wood interest, made statements to the court that they were satisfied with Mrs. Amos' conduct of the business and instituted no contest. Pleadings to like effect were filed by each remainder interest, except only the one forty-eighth interest in remainder represented in the bequest to Mr. Wood.

█ It is insisted by appellant that the items aggregating $4161.97 spent on a heating plant, new roof and metal work, new concrete floor and plumbing were disbursed by the life tenant as upkeep, and not as permanent *improvements done under the powers of the will. The right to these credits depends upon the character of Mrs. Amos' possession and the character of these improvements. If as a life tenant she was required to spend funds for the reasonable "up-keep" of the property, such credits are not allowed. Garrett et al. v. Snowden, 226 Ala. 30, 145 So. 493, 87 A.L.R. 216; Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A.L.R. 852; Sumner v. Bingham, 210 Ala. 446, 98 So. 294.

Section 9 of the will required that the estate be kept together "until the death of both my said wife and daughter," under the terms of said will. The wife was dead at the time of the final settlement of the estate in the Probate Court, and the daughter is the real complainant here. The improvements made were in the nature of permanent repairs and for the benefit of the remainders, rather than in the nature of "up-keep."

██ On the former appeal, this court said that, in making investments of funds of the estate, the representative acts as trustee rather than as executor or administrator, and the "duties and liabilities in respect to such investments are governed by the same rules as apply to other trustees." Amos v. Toolen, supra; Garrett et al. v. Snowden, supra. Mrs. Amos and the Bishop held the property in a representative capacity or as trustees, and as such, it was their duty to conserve and preserve the trust properties, and they were duly credited for expenditures made in that behalf. Moneys were paid by them for trust improvements duly made, assessed against and required to be paid of said trustees and the accumulation of interest thereon before the trust estate came into the hands of such trustees.

█ Item 3 of the will empowered the personal representatives on their concurrence to sell any and all of the real estate, not specifically devised, and "reinvest the proceeds in other real estate, and hold the same in the place and stead of the real estate so sold." At the time the improvement was made, the trustees had on hand considerable cash, a part of which was used in making the payment on the property in question. The power given the trustees to reinvest the proceeds of sale authorized the construction and improvement of the building in question on the trust land. Such are the general authorities. McDaniel v. Moody, 3 Stew. 314; 35 Corpus Juris, 649; Stevens v. Melcher, 152 N.Y. 551, 46 N.E. 965, 968; In re Heroy's Estate, 102 Misc. 305, 169 N.Y.S. 807. The credits claimed on account of the building aggregated $10,486.67, and were allowed as proper credits.

█ The acts of the trustee in changing what is designated as "old mercantile building at 2000–02 Avenue E, Ensley," from a mercantile building to an up-to-date theatre building; and of erecting a filling station at the Southwest Corner of Avenue E and 22nd Street, Ensley, known as the Standard Oil Filling Station; the Morris Avenue property; the property on 10th Avenue South; and that on Avenue E and 20th Street, Ensley, known as the "brick building", were approved by the court. We find no error in allowing credit for the improvements in question. The evidence supports the action of the trustee in making these permanent improvements that enure to the remaindermen, rather than designating them as merely "up-keep" by a life tenant.

█ The Woods' cross bill, as amended, averred the investment of $22,-500 of the corpus in shares of stock in the Alabama Home Building and Loan Association and in the Bankers Insurance, Building and Loan Association. After the second appeal, the balance of that principal was refunded on or about March 20, 1937. That pleading sought the removal of Mrs. Amos from possession or to require bond to protect the remaindermen. We agree with the trial court as to this matter and

that the evidence does not show that Mrs. Amos acted with the intention and in the manner that caused permanent loss, nor is it shown that she was not a fit person to hold possession and control over the corpus of the estate as an individual or in a representative capacity of said estate. It is shown that she had the advice of her co-trustee and her daughter and had their consent. Thus she had the assent and approval of substantially all of those representing the remainder.

The question is well stated by the trial court, as follows:

"Nor has any good reason been shown why Mrs. Amos should be removed from the custody and control of property left to her by her father in which her daughter owns one-half of the remainder.

"The evidence presents a very different case from that presented by the pleadings.

" 'A Cross bill will not be entertained where the party filing it can obtain full relief in the process of adjudicating the issues tendered by an original bill.' Haralson v. Whitcomb, 200 Ala. 165 (75 So. 913; Emews v. Stephens et al., 233 Ala. 295, 172 So. 95; Davis et al. v. Anderson, 218 Ala. 557, 119 So. 670; Becker Roofing Co. v. Meharg, 223 Ala. 163, 164, 134 So. 864). [Parenthesis Supplied].

"From the evidence the Court is not impressed with the necessity for requiring the trustees or either of them to give bond, and sufficient protection will be given by a requirement, which will be incorporated in this decree that the trustees obtain the approval of the Court before completing any sales or purchases of property, and make annual reports to the Court of transactions pertaining to the trust estate and submit same for approval by this Court.

"The Court is of the opinion that all the relief to which Cross Complainants, as well as the other remainder interests, are entitled can and will be given under the original bill as amended, the Cross bill as amended will be dismissed."

In this observation we concur.

The question of attorneys' fees for counsel representing a joint owner and remaindermen in the estate was presented. The attorney, Mr. C. R. Shannon, claimed fees and averred that the fee should be paid out of the corpus of the estate. This plea was denied by the trial court. The question of fees in such matters was recently discussed in Frazer v. First Nat. Bank of Mobile, 235 Ala. 252, 178 So. 441, and the rules governing the same are well understood. It would serve no good purpose to protract a discussion of that subject at this time.

The effect of the final decree upon the cross bill and counsel representing cross complainants therein is that the relief sought was available under the original bill. That is to say, Mr. Roy died testate November 28, 1906, leaving valuable properties and will devising and bequeathing the same, which was duly admitted to probate January 2, 1907, and executors named therein qualified as such. In due course all of the executors died or resigned by November 20th, 1924, except Mabel Roy Amos and the Bishop of Mobile, a Corporation Sole.

The original bill in this cause was filed by Mrs. Mabel Roy Amos, Trustee, exhibiting a copy of the will of decedent, statement of receipts and disbursements, and an inventory of the corpus of the estate, making all remaindermen and all parties in interest, respondents thereto. Said bill prayed that the will be construed, that the acts of herself and the Bishop of Mobile be made known to all parties concerned, and prayed that her accounts be examined and approved and the corpus of the estate declared as it affected the life estate and the remainders. There were two decrees and appeals therefrom, in due course of that litigation, namely, Amos v. Toolen et al., 232 Ala. 587, 168 So. 687, and Alabama Home Building & Loan Ass'n v. Amos, 233 Ala. 367, 172 So. 102. In these litigations the matter of $22,500 of stock in building and loan associations was considered and declared.

On March 17, 1937, this cause was heard by the Presiding Judge of the Circuit Court of Jefferson County. Mrs. Amos, as a witness in her own behalf, was examined and cross examined by parties in interest touching her acts in the individual and in the representative capacity as to the many receipts, vouchers, expenditures and investments pertaining to the estate. These matters were inquired into by the Presiding Judge.

The several remaindermen, as we have indicated, with the exception of appellants Wood, whose interest in remainder is a one twenty-fourth of one-half of the estate, declared in open court that they desired to accept the accounts and investments as shown by the pleading and testi-

mony of Mrs. Mabel Roy Amos and as exhibited to the court as a part of the corpus of the trust estate and their respective interests.

The Presiding Judge heard the matters for consideration, and on January 29, 1938, entered a final decree, which approved the total receipts of $81,784.69, and the total expenditures of $59,153.40, leaving cash on hand in the sum of $22,631.29, which the trustees had on hand and for which the trustees stand charged. The court further declared that the two trustees should continue in service without bond, and retained jurisdiction of the cause for such further orders as were deemed necessary or as the exigencies of the case may require. The decree made no allowance to either of the trustees, and no fees to their attorneys, aside from a claim of $150 of actual expenses to the Bishop of Mobile, one of the trustees.

The original petition filed by Mrs. Amos as trustee set forth that she held all of the corpus of the estate and receipts totaled as above, and made all expenditures which totaled $91,295.64, and of this the court allowed expenditures, as we have indicated, of $59,153.40, the allowance being $32,142.24 less than the amount claimed for expenditures by Mrs. Mabel Roy Amos, as trustee, in her original petition and accounting as filed.

It follows that there are no errors to reverse as to that part of the decree relative to improvements and investments made by Mrs. Amos of the properties in question, as we have more particularly indicated above.

The question as to the allowance of attorneys' fees and taxation of such fees for or against the respective parties at interest in such a litigation, and the question as to court costs were discussed in Frazer v. First National Bank of Mobile, supra. The rules that obtain were there applied and are here pertinent.

These respondents in their efforts with the complainant, under pleading presented by the original bill, answer and evidence pertinent thereto, eventuated in a construction of the will, approval of investments and improvements of the trust properties, and a reduction of complainant's (Mrs. Amos') claims for credit in a substantial amount.

 The trial court has made no allowance for appropriate attorneys' fees as may or should accrue to attorneys representing respective interests. It is hardly necessary to say, that at the proper time, the decree being kept open for necessary and proper orders, the trial court may be duly invoked to the allowance of reasonable attorneys' fees to the trustee and those acting in representative capacity, and which fees are to be charged according to representation and results accomplished to the benefit of the trust estate.

The Shannon assignment of error is contained in brief of counsel, and does not appear as a part of the transcript.

The Wood interests, representing only a small part of the estate and filing the cross bill, as indicated by dismissal of same, impressed the court that respective counsel represented a special interest rather than the trust estate. Out of this effort, no doubt, benefit accrued to the estate in the rejection of the claims, yet the fact remains that Mr. Wood was representing the special interests disclosed in his pleading and by the evidence.

It results from the foregoing that the decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

### On Rehearing.

THOMAS, Justice.

 The entire pleading and the original bill were aided by the will exhibited and which was a part thereof. Grimsley v. First Ave. Coal & Lumber Company, 217 Ala. 159, 115 So. 90.

There could be no full understanding of the relation of the respective parties, the nature and extent of the trust estate, and the duties required thereby of such personal representative, without a construction of the will, and to the end of construction of the will a cross-bill was not necessary.

Such, in effect, was the holding of the trial court in dismissing the cross-bill.

This will suffice as to the final allowance and adjustment of attorneys' fees.

The original opinion is modified by the omission of the statement that the trial judge viewed the respective premises. It is sufficient to say that the evidence warrants the respective announcements made in the final decree as to the various improvements and expenditures of the estate funds.

We have carefully considered the insistences now made by the respective counsel, and are of the opinion that the application for rehearing should be and is overruled.

Modified and overruled.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.