199 So. 831

**DALLAS ART LEAGUE v. WEAVER.**

2 Div. 166.

Supreme Court of Alabama.

Jan. 16, 1941.

J. E. Wilkinson, Jr., of Selma, for appellant.

E. W. Pettus, of Selma, for appellee Weaver.

## LIVINGSTON, Justice.

This action was filed in the Circuit Court, in Equity of Dallas County, Alabama, praying for a declaratory judgment defining the rights of the parties to the action under the terms of the will of Clara M. Parrish, deceased. The action was brought under and by virtue of the General Acts of 1935, pages 777 et seq.

The pertinent provisions of the will, in so far as this inquiry is concerned, are as follows:

"Item Ninth: I give, devise and bequeath unto the Dallas Art League of Selma, Dallas County, Alabama, any Liberty Bonds that I may own at the time of my death; and direct that the same or the proceeds derived therefrom, be held by them as a reserve fund;

"Item Tenth: I give, devise and bequeath, upon the conditions and subject to the trusts and uses hereinafter set forth, to the Dallas Art League of Selma, Dallas County, Alabama, my house and lot on the west side of Lauderdale Street, in Selma, Alabama, (the building thereon being now known as the St. Francis), namely:

"(a) The purpose of this bequest is to further and foster the art spirit in Selma, Alabama; to provide a place for the exhibition of works of art; and to further education in art; * * *

"(d) Said property shall never be mortgaged or conveyed by the Dallas Art League; and in the event it is mortgaged or conveyed by the Dallas Art League, the same shall revert to and become a part of my general estate, and be governed by Item Fourteenth of this will;

"(e) And, in the event said Dallas Art League shall be permanently dissolved, or shall otherwise cease to exist and function said property shall thereupon revert to my general estate, and be governed by Item Fourteenth of this will. * * *

"Item Fourteenth: All the rest and residue of the property of which I may die seized and possessed, real, personal or mixed, wheresoever situated, (including cash, bonds, stocks, securities, notes and mortgages) I give, devise and bequeath unto Rose P. Weaver and Joseph P. Parrish, and their successors, to be appointed as provided by the general laws of the State of Alabama, in trust nevertheless, for the following stated terms, stipulations, and conditions, namely:

"(a) The property bequeathed by this item shall be known as my general estate. * * *

"(d) The same power, authority and discretion may be exercised by any succeeding trustees as is hereby given to the original trustees herein named; except any trustee or trustees appointed under the general laws of the State of Alabama in lieu of the original trustee or trustees

shall not be exempt from giving the necessary bond as such; * * *

"(j) Upon the death of both my sister, Rose P. Weaver, my brother, William M. Weaver, all of the property, real, personal and mixed, of my said general estate, I hereby give, devise and bequeath unto St. Paul's Church, Selma, Alabama, in trust, forever, for the following purposes and uses, namely:" (The purposes and uses following are not necessary for this decision). * * *

"(l) That neither my original trustees, their successors, nor St. Paul's Church, Selma, shall ever hypothecate, encumber or mortgage any of the property of my general estate, but, they, respectively, are authorized within their discretion to sell any personal property for reinvestment only; and may, only with the approval of the Chancery Court of Dallas County, Alabama, or the Circuit Court of Dallas County, in Equity, sell any of the real estate only for reinvestment (excepting the lands owned by me situated in Fayette County, Texas, shall not be sold until the expiration of fifty years from the probating of this will); and the real or personal property so acquired upon reinvestment to be subject to the same terms, conditions and trusts as the original property. * * *

In addition to the formal averments contained in paragraphs one and two, the bill of complaint avers that:

"3. That under the last will and testament of Clara M. Parrish, deceased, of record in the Probate Office of Dallas County, Alabama, the Dallas Art League of Selma, Dallas County, Alabama, was devised all Liberty Bonds owned by said decedent at the time of her death, which said Liberty Bonds amounted to the approximate sum of, to-wit: Thirteen Hundred Dollars; that in and by said will the said Dallas Art League was devised the following described real estate, together with the building located thereon, situate in the City of Selma, Dallas County, Alabama, and described as follows, to-wit:

"Beginning at a point on the west side of Lauderdale Street in the City of Selma, Alabama, 130 feet south from the southwestern intersection of Lauderdale Street and Dallas Avenue, and from said point running in a southerly direction along the west margin of Lauderdale Street 60 feet; thence at right angles in a westerly direction 120 feet to the Methodist Church property; thence northerly at right angles 60 feet along the eastern margin of the Methodist Church property; thence at right angles in an easterly direction parallel with Dallas Avenue 120 feet to the point of beginning; (the building thereon being known as the St. Francis) to be used by said Art League for art purposes and, in the event said Art League should cease to exist and function, or if said Art League should ever mortgage or sell said property, in either event, said real estate to then revert to Rose P. Weaver as trustee, (the other trustee named in said will having refused to act and renounced his claims to act as such trustee) for the purposes set out in said will, for and during her natural life and, at her death in the event of such reversion, said real estate was then to revert to St. Paul Church, Selma, Alabama, in trust, for the purposes and uses therein set out;

"That annexed hereto, marked Exhibit 'A', and made a part of this petition is a copy of the last will and testament of the said Clara M. Parrish, deceased; that the real estate above described was only a small part of the corpus of said estate and subject to the provisions of said will;

"4. That subsequent to the probate of said will, St. Paul Church, Selma, Alabama, refused to act as trustee under the provisions of said will and this court appointed Henry Howze Jones, one of the respondents herein, as substituted trustee to act in the place and stead of said church;

"5. That heretofore and on to-wit, the 23rd day of January, 1937, your complainant filed a petition in this court, which said petition was filed in the matter of the Estate of Clara M. Parrish, deceased, was docketed on the equity side of the docket of this court as case No. 1237, setting out the facts hereinabove alleged and further alleging that the real estate described in paragraph 3 of this bill of complaint was rapidly depreciating in value, that the building located thereon was rotting down, and would soon fall unless the same be repaired and that said Dallas Art League had no money or other funds to repair said building and that unless the same was repaired, said building would soon become untenantable and of no value; that the City of Selma has levied an assessment for street paving improvements against said real estate, which said assessment at the time of filing said petition amounted to more than $300.00, was in default, and un-

less the same was paid, said real estate would be sold in settlement of such municipal liens, and that the above described real estate at that time was not worth, in its then condition and subject to said municipal lien, greatly more than $1300.00, the amount of Liberty Bonds so bequeathed to said Dallas Art League, and that said Liberty Bonds so bequeathed had never been delivered to said Art League.

"And complainant, in said petition, further alleged that said Dallas Art League had agreed to and with Rose P. Weaver, individually and as executrix of said will and as trustee named thereunder, to purchase any and all reversionary interest that any of the parties named in said will had in and to the real estate above described, the consideration thereof being the $1300.00 of Liberty Bonds devised and bequeathed in said will to the said Art League, provided, however, this court would order and decree that said real estate be sold in fee simple to said Art League, and further decreed that in the event of such sale, said property would be free of any trusts or limitations or restrictions imposed by said will and complainant, in said petition, alleged that in the event the above described real estate and the reversionary interest therein be sold to the said Art League for the Liberty Bonds above referred to, the corpus of the estate of Clara M. Parrish, deceased, would be increased to that extent and that said Liberty Bonds or the proceeds derived therefrom would be subject to the provisions of the trust set out in said will.

"6. And complainant, in said petition, prayed that it be ordered and decreed that upon the relinquishment by the Dallas Art League of all their right in and to the liberty bonds above referred to or any funds derived therefrom, the said Rose P. Weaver as executrix and trustee under the last will and testament of Clara M. Parrish, deceased, execute and deliver to the Dallas Art League a deed conveying to said Art League in fee simple the above described real estate, free of any trusts, restrictions, or limitations imposed by said will.

"7. That Rose P. Weaver, together with Henry Howze Jones, trustee under said will, and wardens and vestry of St. Paul Church, Selma, answered said petition, admitting the facts alleged in the petition, and further alleging in their said answer that the only way in which the wishes of the testator could be carried out was to re-lease any reversionary interest which the estate of Clara M. Parrish or St. Paul Episcopal Church might have in the property so that Dallas Art League could mortgage the property for sufficient money to restore the building and make it suitable to receive the art treasures and said parties in their said answer alleged that Rose P. Weaver, together with Henry Howze Jones, trustee and St. Paul Church, whose corporate name was 'wardens and vestry of St. Paul Church, Selma,' had all joined in a deed conveying to Dallas Art League all interest of the estate, both present and prospective in the real estate above described, and that they believed it to the interest of the estate that this deed be confirmed and that the court declare the title to be vested in Dallas Art League in fee simple without any restrictions, so far as the conveyance of the property is concerned or its encumbrance.

"8. That thereafter and on-towit, the 19th day of April, 1937, after testimony was taken and duly noted by the register, this court did enter a decree in said cause, decreeing that the property conveyed in said deed (the same property described in paragraph 3 of this bill of complaint) was vested in the Dallas Art League, a corporation, in fee simple, free of any trusts, restrictions, or limitations imposed by said will and that said Dallas Art League, a corporation, is the owner of the property described in said deed with the unrestricted right to sell and convey the same in fee simple and the court further decreed that the Liberty Bonds or the proceeds derived therefrom mentioned in the petition be retained by the executrix and used for the purpose of re-investment and subject to the trust imposed by said will.

"9. And complainant alleges that since the purchase of the property by said Art League as above set out and the decree of said court confirming said sale as herein-above alleged, that they have received an offer from Doctors Walter E. Allen, Paul E. Allen and Newton Allen for the purchase of the property described in paragraph 3 of this bill of complaint for the sum of to-wit; $2500.00 cash, but said parties last above named are unwilling to purchase this property until and unless this court enter a declaratory judgment in accordance with the prayer of this bill of complaint."

The bill of complaint prays that "this court enter a declaratory judgment de-

creeing that the property described in this bill of complaint is vested in the Dallas Art League, a corporation, in fee simple, free of any trust, restriction, or limitation imposed by the will of Clara M. Parrish, deceased, and that in the event of a sale of said property herein described, said property shall not revert to the estate of Clara M. Parrish, deceased, and be subject to the provisions of her said will, and that this court further decree that in the event of sale of said property, the proceeds derived therefrom will be the property of your complainant, free of any trust, restriction or limitation imposed by said will and that it shall not be necessary for an order of the circuit court of Dallas County, Alabama, directing sale of the real estate herein described but said sale shall be consummated without the order of any court. And if complainant is mistaken in the relief to which it is entitled, then it prays for such other further and different relief as it might have shown itself entitled to in the premises, and complainant will forever pray, etc."

The questions for determination presented by this record are set forth in that portion of the prayer for relief quoted above.

The averments of the bill of complaint in this cause, together with the agreement of counsel for the parties, and in which agreement said averments are admitted, show the following situation: That on January 23, 1937, after due probate of the will of Clara M. Parrish, deceased, the Dallas Art League, a corporation (complainant in this cause), filed its petition in the Circuit Court of Dallas County, Alabama, in equity, alleging that the real estate devised to the Dallas Art League by Clara M. Parrish, deceased, was rapidly depreciating in value, that the building located thereon was rotting down, and would soon fall unless the same was repaired, and that Dallas Art League had no money or other funds to repair said building, and that unless the same was repaired, said building would become untenantable and of no value; that the city of Selma had levied an assessment for street paving improvements against said real estate in an amount of more than $300, and which was in default, and that said property would be sold by the city unless said assessment was paid, and that the said real estate was not worth greatly more than $1,300; that the Dallas Art League had agreed to purchase any and all reversionary interest that any of the parties

named in the will had in and to the real estate devised to the Dallas Art League, and to give therefor the Liberty Bonds bequeathed to the Dallas Art League; provided, however, the court would order and decree that said real estate be sold in fee simple to said Art League, and further decree that in the event of such sale said property would be free from any trust, limitations or restrictions imposed by said will.

Petitioner prayed that it be ordered and decreed that upon the relinquishment by the Dallas Art League of all their rights in and to the Liberty Bonds above referred to, or any funds derived therefrom, the said Rose P. Weaver, as executrix and trustee under the last will and testament of Clara M. Parrish, deceased, execute and deliver to the Dallas Art League a deed conveying to said Art League in fee simple the above described real estate, free of any trusts, restrictions or limitations imposed by said will.

It is further made to appear by the agreement of the parties to this cause that, when the above petition was filed, all the parties who had an interest in this real estate were duly and legally served with notice, filed appearance, and were properly before the court. Thereafter, on April 19, 1937, after a full hearing was had, testimony taken and noted by the register, the court made and entered the following order or decree:

"This cause coming on to be heard at this time was submitted for final decree upon the petition filed by the Dallas Art League, a corporation, the answer of the defendants and the testimony and proof as noted by the register, and the same being duly considered by the court; now, upon consideration thereof, it is ordered, adjudged, and decreed by the court as follows:

"1. That the petitioner, the Dallas Art League, a corporation, of Selma, Dallas County, Alabama, is entitled to the relief prayed for in their petition.

"2. That that certain deed executed under date of the 13th day of January, 1937, by Rose P. Weaver, individually and as executrix of the last will and testament of Clara M. Parrish, deceased, and as trustee under the will of Clara M. Parrish, deceased, and 'Wardens and Vestry of St. Paul's Church, Selma,' a corporation, individually and as trustee under the last will and testament of Clara M. Parrish, deceased, and Henry Howze Jones, as sub-

stituted trustee under the will of Clara M. Parrish, deceased, by appointment of the Circuit Court of Dallas County, Alabama, in Equity, to the Dallas Art League, a corporation, is valid, legal and binding and that said deed be and the same is hereby confirmed.

"3. That the property conveyed in said deed be and the same is hereby vested in the Dallas Art League, a corporation, in fee simple, free of any trust, restriction, or limitation imposed by said will.

"4. That the Dallas Art League, a corporation, is the owner of the property described in said deed, with the unrestricted right to sell and convey the same in fee simple.

"5. That the liberty bonds, or the proceeds derived therefrom, mentioned in the petition be retained by the executrix and used for the purpose of reinvestment and subject to the trust imposed by said will.

"6. That a copy of this decree be recorded in the probate office of Dallas County, Alabama.

"7. It is further ordered, adjudged and decreed that the petitioner pay the costs of this proceeding—for which let execution issue."

As shown, the above decree was rendered on April 19, 1937. No appeal was taken to test the correctness of the decree, and more than three years elapsed before the petition now before us was filed.

Apparently, the principal "doubts" which prompted the petition in this suit and this appeal are whether or not the property devised to the Dallas Art League can now be sold by said Dallas Art League without it reverting under the terms of the will; and whether or not, in the event of the sale, the funds derived therefrom will be free from any trust imposed by the will, and who should execute the deed in the event of a sale of the property?

After a careful consideration of the record, we are convinced that all questions presented on this appeal were passed upon and adjudicated by the former decision of the Circuit Court, in Equity, of Dallas County, Alabama, except as to whether or not, in the event of a sale by the Dallas Art League, the funds derived therefrom would be free from any trust imposed by the will.

■ The jurisdiction to construe wills is in the court of equity. Given juris-diction of the subject matter and of the parties, its decree, rendered in due course, is final as in other cases. The decree becomes the law of the will. Boshell v. Boshell, 218 Ala. 320, 118 So. 553.

■ In the case of Bibb v. Bibb, 204 Ala. 541, 86 So. 376, 377, this Court quoted with approval the following: "A court of chancery has, to some extent, a general supervision over trust estates, and may direct such a disposition as in its discretion seems beneficial to all parties interested, even going so far as to order a sale of the trust estate and a reinvestment of the proceeds without authority being given by the trust instrument, if the conditions are such that it is manifestly in the interest of the trust estate." See 26 R.C.L. 1288, section 139, and cases cited.

As to whether or not the same rule applies where the instrument creating the trust also provides for other disposition of the trust property in the event of a sale, or attempted sale, we need not now decide. That question was squarely presented to the Circuit Court, in Equity, of Dallas County, Alabama, and adjudicated by it in its decree of April 19, 1937, and from which no appeal was ever taken.

Paragraph 4 of the decree of April 19, 1937, is as follows: "That the Dallas Art League, a corporation, is the owner of the property *described* in said deed, with the unrestricted right to sell and convey the same in fee simple." Unquestionably, one of the purposes of the petition of April 19th, supra, was to vest the fee simple title to the real estate in the Dallas Art League, with the right to sell or mortgage the same. We quote from the answer of the respondents in that cause, "and that they believe it to the interest of the estate that this deed be confirmed and that the court declare the title to be vested in Dallas Art League in fee simple without any restriction, so far as the conveyance of the property is concerned or its encumbrance."

Furthermore, on the basis of that decree, all the parties to that suit have changed their positions. The Dallas Art League parted with Liberty Bonds of the approximate value of $1,300; the parties interested in having the property revert in the event of a sale (and it is admitted that all parties interested were before the court) have received and retained said Liberty Bonds. It further appears that this trade and transfer would not have

been made without the approval of the equity court, and the court's decree to the effect that the Dallas Art League should be or become the owner of said property with the unrestricted right to sell and convey the same.

We therefore hold that the decree entered on April 19, 1937, is res adjudicata as to these matters, and, further, that the parties' to that suit are estopped to deny that the fee simple title to the property in question is in the Dallas Art League with the unrestricted right to sell and convey the same.

The remaining question to be considered is, if the property devised to the Dallas Art League is sold by it, should the funds derived therefrom be held by said Art League as trust funds and be used for art purposes, that is to say, the purposes named in the will? The decree of the equity court of April 19, 1937, did not determine that question. The decree did provide "the property conveyed in said deed be and the same is hereby vested in the Dallas Art League, a corporation, in fee simple, free from any trust, restriction, or limitation imposed by said will." The property conveyed by the deed mentioned was the interest created by the will in the event the real estate should ever become a part of what the testatrix called her "general estate," and the trust from which said interest was set free was the trust created for the "general estate."

The decree of October 7, 1940, and from which this appeal was taken, contains the following: "4. This court does here and now declare and decree that it shall only be necessary for the Dallas Art League, a corporation, to execute said deed, without the further orders of this court, and when said deed is executed the funds derived from said sale are to be the property of the said Dallas Art League, a corporation, free from any trust, restriction or limitation imposed by the will of Clara M. Parrish, deceased." As above pointed out, this question was not determined in the proceedings had in 1937, and is subject to review here now.

We are of the opinion that the trial court was in error in holding that the funds derived from the sale of the property devised to the Dallas Art League are to be free from any trust, restriction, or limitation imposed by the will of Clara M. Parrish, deceased.

It is quite clear that the property devised and bequeathed to the Dallas Art League, both the Liberty Bonds and the real estate, was clothed with a trust for art purposes. The trust imposed on the Liberty Bonds in the hands of the Dallas Art League should be, and is, imposed on the interests for which the bonds were exchanged.

We hold that the title to the property described in the petition or bill of complaint is in the Dallas Art League, a corporation, subject to the trust created by the terms of the will; that said property may be sold by the Dallas Art League without any restrictions or limitations as to title, and in the event of a sale of said property, title thereto shall not revert and become a part of the general estate of Clara M. Parrish, deceased. That in the event of a sale of said property, the funds derived therefrom shall be and remain trust funds, and. to be used for art purposes as set forth under the terms of the will. That no order of court is necessary to allow or confirm a sale of said property by the Dallas Art League.

It is suggested by counsel for appellant, that the decree here appealed from failed to note the reservation in the deed to appellant, which restricted any building within a certain number of feet of the north boundary line of the lot conveyed to appellant. This deed is not before us. The lower court will have an opportunity to make this correction, if it deems proper to do so, which we do not decide.

The decree of the lower court is reversed and the cause remanded in order that a decree may be there entered in conformity with this opinion.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.