47 So.2d 203

### DILLARD v. GILL et al.
### 8 Div. 552.

Supreme Court of Alabama.

June 22, 1950.

Taylor, Bell & Taylor, of Huntsville, for appellant.

Lanier, Price, Shaver & Lanier, of Huntsville, for appellees.

FOSTER, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity. In the same decree the court overruled a motion to strike a certain part of the bill. That ruling is also assigned as error. But such a ruling is not reviewable on appeal either from it or from some other interlocutory decree which will support an appeal. Owen v. Montgomery, 230 Ala. 574, 161 So. 816; Taylor v. Norton, 227 Ala. 690, 151 So. 853; 8 Ala.Dig., Appeal and Error, 874(4).

The bill is by remaindermen against a life tenant and sought relief in respect to allegedly needed repairs which had not been made by the life tenant.

The demurrer is contained in the answer and is addressed to the averments of paragraph four of the bill on the grounds assigned in the motion to strike a part of that portion of the bill. They are (1) That there is no authority of law for such relief; (2) It seeks to deprive defendant of a jury trial; (3) Laches; (4) It states conclusions of the pleader. Paragraph four contains some preliminary matters of detail, not forming a separate aspect of the bill. Paragraph five contains the substantive matter thought to be sufficient to justify relief. There may be a clerical error in addressing the demurrer to paragraph four and not to paragraph five. However, paragraph five does not set up a separate aspect. The contention of appellant could well be presented by addressing the demurrer to the bill as a whole. The contention made by appellant really goes to the failure to allege facts which are sufficient to justify equitable relief. The prayer of the bill is in various alternatives: (1) That the court determine what repairs are necessary to be made to preserve the property, and (2) appoint a receiver to collect the rents due or to become due from the property and to lease and release it and out of the proceeds to make the necessary repairs; or (3) require defendant to enter into bond conditioned that he will make the repairs; or (4) for general relief. Paragraph five of the bill alleges that defendant has neglected to make necessary repairs to the buildings and that they are in a dilapidated and run down condition; whereas they were in good condition when defendant came into the life estate. The allegations give much detail as to such needed repairs.

■ We might dispose of the appeal by observing that the demurrer addressed only to the fourth paragraph does not raise any question for our consideration. But counsel for both parties have briefed the case as though the demurrer was properly addressed and raised the question of the equity of the bill. We will therefore discuss it on that theory, though we would not be justified in reversing the decree in the form in which the question is attempted to be presented.

■ We find it well established that there is a duty on the part of the life tenant to make such repairs as are reasonably necessary to protect the property against waste. There seems to be no other definite standard set by the authorities. Staples v. Pearson, 230 Ala. 62, 159 So. 488, 98 A.L.R. 852; Troy v. Protestant Episcopal Church, 174 Ala. 380, 56 So. 982, Ann.Cas.1914B, 815; 21 Corpus Juris 951, 31 C.J.S., Estates, § 44; 128 A.L.R. 202; 33 Am.Jur. 976.

■ Sections 75 to 87, Title 58, Code 1940, do not apply to this transaction, since it came into being before that statute was enacted. First National Bank of Mobile v. Wefel, 252 Ala. 212, 40 So.2d 434; First National Bank of Tuskaloosa, v. Hill, 241 Ala. 606, 4 So.2d 170. Therefore, the case of Linenthal v. Birmingham Trust and Savings Co., 249 Ala. 631, 32 So.2d 368, 175 A.L.R. 1426, is not here controlling.

■ A receiver will sometimes be appointed who may be directed to make certain repairs. 31 Corpus Juris Secundum, Estates, § 64, p. 78; 128 A.L.R. 229, and cases cited. The court however would give defendant an opportunity to make the repairs before appointing a receiver. 21 Corpus Juris 952; 31 C.J.S., Estates, § 44; Murch v. J. O. Smith Mfg. Co., 47 N.J.Eq. 193, 20 A. 213.

■ The status of defendant neglecting to do his duty in this respect is in the attitude of one committing waste and subject to the same equitable proceedings by the remainderman as are available when waste is committed. 21 Corpus Juris 951, 31 C.J.S., Estates, § 44. Equity will intervene when it is necessary to grant relief, and in doing so will apply one of its processes. 67 Corpus Juris 627 to 629; 33 Am.Jur., p. 978, section 450.

The circumstances which call for an application of the principle of a mandatory injunction in this connection are stated in 128 A.L.R. 231; Gleason v. Gleason, 43 Ind. App. 426, 87 N.E. 689.

We do not find authority requiring a life tenant of real estate to execute bond conditioned to make needed repairs. There is a principle available in equity to a remainderman which would under certain conditions require a bond by a life tenant of personal property when there is danger of loss or deterioration or injury to it in the hands of the life tenant, Bethea v. Bethea, 116 Ala. 265, 22 So. 561, this includes real estate when it is subject to a power of sale by the life tenant. Amos v. Toolen, 232 Ala. 587(9), 168 So. 687.

The demurrer is not based upon an absence of averment which may be required to call into exercise some one or all of the various forms of alternative relief prayed for. This is necessary to reach such a defect. The relief sought invokes a recognized equitable remedy when properly sustained by averment. If not properly sustained, the demurrer should point out the omission. Mutual Life Ins. Co. of New York v. Brunson, 246 Ala. 233(3), 20 So.2d 214.

There is also a prayer for general relief. The court has the power to mold the relief to meet the equities developed in the trial. The bill is not subject to the general grounds assigned. The decree so holding is affirmed.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.