67 So.2d 8

**TOOLEN v. AMOS.**

6 Div. 571.

Supreme Court of Alabama.

Aug. 6, 1953.

Smyer & Smyer, Birmingham, for appellant.

Wm. S. Pritchard, Victor H. Smith and Pritchard, McCall & Jones, all of Birmingham, for appellee.

MERRILL, Justice.

The estate of Mr. Charles E. Roy, who died in 1906, consists chiefly of real estate which is income producing property. By the terms of Mr. Roy's will, his daughter, Mrs. Mabel Roy Amos, appellee here, is entitled to the net income from said estate. The Bishop of Mobile, a corporation sole, appellant here, has a substantial remainder interest in the estate.

In 1934, Mrs. Amos, as trustee, filed her petition against her cotrustee, Bishop Toolen, for a construction of Mr. Roy's will, and all the beneficiaries under the will were made parties. On January 29, 1938, Judge J. F. Thompson rendered a final decree wherein, among other things, it was decided that annual reports should be filed in this estate. The instant case arises out of the annual reports of the cotrustee, Mrs. Amos, for the years 1947 to 1950, inclusive, wherein she claims reimbursement from the corpus of the trust for expenditures on trust property. The respondent, Bishop Toolen, took exception to the reports as filed, and after various pleadings and hearings, a reference was ordered had before the register. The respondent excepted to the report of the register, the exceptions were overruled, the report confirmed and respondent appealed to this Court.

The following is quoted from appellant's brief:

"The whole controversy in this case, arises out of the charging of certain items to the corpus of the estate as permanent improvements. It is the contention of the appellant, Bishop of Mobile, that the Principal and Income Act of 1939 applies with reference to the apportionment of said expenses and administration of the trust. Mrs. Amos has made no attempt to comply with any portions of the provisos of the Principal and Income Act, Title 58, section 86, Code of Alabama 1940).

"It is apparent that Mrs. Amos relies solely upon a finding by Judge Thompson in his final decree above referred to, wherein he states as follows:

"'Therefore it is clear that Mrs. Amos and the Bishop held the property as trustees, and their duties and liabilities are to be judged by the rules of law applicable to trustees.

"'It is the duty of trustees to preserve the trust property and they are to be credited for expenditures so made.'

"The decree of Judge Thompson was affirmed in the case of Wood v. Amos, 236 Ala. 477, 183 So. 639.

"The last statement above quoted is the source of contention in this case. It appears to fly directly in the face of the mandate of the will of Charles E. Roy, that is, that Mrs. Amos shall be entitled only to the net income from the estate."

Appellant's chief insistence is that the Principal and Income Act, General Acts 1939, page 902, now Title 58, sections 75–87, applies to the trust in the instant case. In support of this contention he cites section 18 of the original act which is as follows:

"This act shall take effect upon approval by the Governor and its terms shall apply (a) to all estates of tenants or remaindermen which become legally effective after that date, and (b) to all estates of tenants or remaindermen which are in effect as of that date, insofar as such terms do not impair the obligation of contract or deprive persons of property without due process of law under the constitution of the State of Alabama or of the United States of America."

The argument is made that the estate here was of tenants or remaindermen, which was "in effect as of that date".

The lower court cited the cases of Dillard v. Gill, 254 Ala. 5, 47 So.2d 203, and First National Bank of Mobile v. Wefel, 252 Ala. 212, 40 So.2d 434, as authority for the non-application of the Uniform Principal and Income Act. This Court said in Dillard v. Gill, supra, 254 Ala. 5, 47 So.2d 205]:

"Sections 75 to 87, Title 58, Code 1940, do not apply to this transaction, since it came into being before that statute was enacted. First National Bank of Mobile v. Wefel, 252 Ala. 212, 40 So.2d 434; First National Bank of Tuskaloosa v. Hill, 241 Ala. 606, 4 So.2d 170. Therefore, the case of Linenthal v. Birmingham Trust & Savings Co., 249 Ala. 631, 32 So.2d 368, 175 A.L.R. 1426, is not here controlling."

We note in passing that the Linenthal case supra [249 Ala. 631, 32 So.2d 372], supports the Dillard case by inference in the following language: "The testator, Sibley P. King, died in 1940, after the effective date of the said Uniform Principal and Income Act, and the provisions of said act, now codified as above indicated, are here applicable unless" etc.

We cannot give effect to the Principal and Income Act in the instant case for the reasons stated above. The trust will which created the property rights here involved became operative in 1907, a circuit court in equity construed the will in 1938, and this Court affirmed that decree and denied rehearing approximately one year before the enactment of the law. First National Bank of Mobile v. Wefel, supra.

In the case of Wood v. Amos, supra [236 Ala. 477, 183 So. 641], this Court approved the action of the lower court in approving the sum of $4,161.97, "spent on a heating plant, new roof and metal work, new concrete floor and plumbing". The present appellant concurred in the court's approval of those items of expenditure in 1938. In the instant case, some of the items excepted to were: papering and plastering in a residence, a new roof for a filling station, painting, repairs and light fixtures for a commercial building, replacing fallen plas-

ter with celetex tile, and rebuilding porches on three tenant houses.

We have already quoted from the decree of Judge Thompson relative to crediting the trustees for expenditures made to preserve the trust property, and this Court in affirming that decree in Wood v. Amos, supra, said: "Mrs. Amos and the Bishop held the property in a representative capacity or as trustees, and as such, it was their duty to conserve and preserve the trust properties, and they were duly credited for expenditures made in that behalf."

Thus, these matters have been passed upon by the Circuit Court, in Equity, of Jefferson County in 1938, and approved by this Court, and once again by the circuit court, in equity, in 1952. The 1938 decree, affirmed by this Court, becomes the law of the will. Dallas Art League v. Weaver, 240 Ala. 432, 199 So. 831; Boshell v. Boshell, 218 Ala. 320, 118 So. 553.

We cannot affirm that the court erred in overruling the exceptions to the register's report. However, in holding that the Uniform Principal and Income Tax Act does not here apply, we think we have answered appellant's main contention on this appeal.

The decree of the lower court is affirmed.

Affirmed.

All the Justices concur.