KENNEDY, Justice
(dissenting).
I dissented from the majority’s opinion in this case, and I likewise dissent from the denial of the application for rehearing.
As I indicated in my earlier dissent, I would hold that the will directs that the widow has the duty of routine maintenance and repairs.[1] Because I would so hold, my dissent did not address the question ably raised on appeal by the remaindermen chil *926 dren: whether, if a majority of this Court held that the will did not direct that this was the duty of the widow, this duty would be that of the children.
On application for rehearing, the children state that the majority erred in holding that the will does not direct that the widow has the duty of routine maintenance and repairs. I agree, and I would grant the application for rehearing for this reason alone. In any event, however, the application for rehearing should be granted, if for no other reason than for the Court to address precisely how and why, if this is not the widow’s duty, it is the children’s.
In support of their application for rehearing, the children argue that where, as here, the will imposes no burden of repair or maintenance on the remaindermen, Alabama case law would not impose such a burden. The children state:
“The last paragraph of the Circuit Court’s decree quoted by the majority opinion makes it clear that the trial judge found the children liable for maintenance not because of any instruction from the testator, but because of his feeling that someone must be responsible for maintenance and ‘that such obligation is of necessity that of the children, who hold title to the home.’[2] [ (Citation omitted).]
“The children are not, however, ‘owners,’ nor do they ‘hold title to the home’ as the trial judge assumed. Rather, as this Court observed, they merely ‘acquired a remainder interest in the deceased’s residence, subject to the widow’s right to maintain possession.’ [Citation omitted.] They have no right to occupy or enjoy the home; they have no access to it; they cannot sell or mortgage it. They only have a remainder interest which will ripen into ownership at some point in the future.
“It is precisely because a remainderman has no right of possession or beneficial ownership that the decisions of the Supreme Court of Alabama, like those of every American jurisdiction, have held that a remainderman has no duties of maintenance, but rather the party who enjoys possession is required to keep property in repair. As Justice Foster, writing for this Court in Dillard v. Gill, 254 Ala. 5, 47 So.[2d] 203 (1950), observed: ‘We find it well established that there is a duty on the part of the life tenant to make such repairs as are reasonably necessary to protect the property against waste. There seems to be no other definite standard set out by the authorities.’”
In short, the Court’s decisions make it clear that the burden of routine maintenance and repair, i.e., the maintenance and repair required to prevent permissive waste, is not imposed on remaindermen. See id.; Linenthal v. Birmingham Trust & Savings Co., 249 Ala. 631, 32 So.2d 368 (1947) (where the Court stated that “the life tenant cannot injure or dispose of the property to the injury of the remainderman”).
If the will imposes no burden on the children for routine maintenance and repairs, and the decisions of the Court make it clear that such a burden is not otherwise imposed on the remaindermen, then I have to conclude that in nonetheless imposing such a burden, the majority has, without discussion (and in my view, wrongly), abandoned the existing law of this State and has thereby thrust the State into a minority position.

. As the United States Court of Appeals for the Eleventh Circuit stated in Capitol Funds, Inc. v. Arlen Realty, Inc., 755 F.2d 1544, 1549 (11th Cir.1985):
"The most reasonable and logical interpretation of the exception for obsolescence and ordinary wear and tear is simply that the tenant is not required to keep the premises in like-new or nearly new condition, but rather is required merely to keep it serviceable and in good repair.”

. It is clear that the trial court (and the majority, in quoting the trial court's "rationale” as its own), concluded that the children had the burden of routine maintenance and repairs, " ‘analogous to a landlord/tenant relationship.’ "